[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13978

Non-Argument Calendar

_____

JAY GOODLEY,

Plaintiff-Appellant,

*versus*

CHARLES M. GREENE,
individually and in his official capacity as
a Justice of the Seventeenth Judicial Circuit
Court of Broward County Florida,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 0:21-cv-61284-RAR

———————————

Before ROSENBAUM, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Jay Goodley, proceeding *pro se*, appeals the district court's dismissal of his *pro se* 42 U.S.C. § 1983 civil action against Charles Greene, a judge of the Seventeenth Judicial Circuit Court of Broward County, Florida.[1]  The district court determined that Plaintiff's claim against Judge Greene was barred by absolute judicial immunity.  No reversible error has been shown; we affirm.

This appeal arises out of a probate case in Florida state court concerning the guardianship of Plaintiff's mother: a case in which Plaintiff was a litigant.  Plaintiff alleges that Judge Greene was assigned initially to the case but recused himself in February 2018.  Despite the recusal, Judge Greene continued to participate

---

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

intermittently in the probate case, including by performing these acts: (1) holding a telephonic hearing on 6 March 2018; (2) holding an in-person hearing on 25 April 2018; (3) entering orders in the probate case on 8 March 2018, 26 February 2020, and on 27 February 2020; and (4) purportedly conferring about the probate case with the presiding judge during an October 2018 hearing.

In June 2021, Plaintiff filed this section 1983 complaint against Judge Greene in his individual capacity. Plaintiff alleged that Judge Greene violated Plaintiff's rights under the Fourteenth Amendment when Judge Greene participated in the probate case in the clear absence of all jurisdiction. As a result, Plaintiff said he suffered financial losses and pain and suffering. Plaintiff sought declaratory relief as well as compensatory and punitive damages.

The district court granted Judge Greene's motion to dismiss. In pertinent part, the district court concluded that Plaintiff's claim was barred by absolute judicial immunity.[2]

We review *de novo* a district court's grant of a motion to dismiss, accepting all properly alleged facts as true and drawing all reasonable inferences in favor of the plaintiff. *See Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "We review *de novo* a district

---

[2] The district court also concluded that Plaintiff lacked Article III standing. Construing liberally Plaintiff's complaint -- and viewing all factual allegations and inferences in Plaintiff's favor -- we cannot conclude as a matter of law that Plaintiff failed to allege facts sufficient to show that he suffered an injury-in-fact as a result of the alleged constitutional violation.

court's grant of judicial immunity." *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2000).

"Judges are entitled to absolute immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. In determining whether a judge acted within his judicial capacity, we consider whether the act (1) "constituted a normal judicial function;" (2) "occurred in the judge's chambers or in open court;" (3) "involved a case pending before the judge;" and (4) "arose immediately out of a visit to the judge in his judicial capacity." *Id*. In assessing whether an act is one normally performed by a judge, "we look only to the nature and function of the act, not the act itself." *Stevens v. Osuna*, 877 F.3d 1293, 1305 (11th Cir. 2017) (quotations omitted).

Here, Judge Greene acted clearly within his judicial capacity. The nature and function of the complained-of acts -- conducting hearings, issuing written orders, and conferring with fellow judges -- are acts performed normally by judges. Each of the alleged events occurred in open court or in the judge's chambers, related to a case pending before the court, and arose out of interactions with Judge Greene in his judicial capacity.

We next address whether Judge Greene acted "in the clear absence of all jurisdiction." Whether a state judge acted in the absence of jurisdiction is a question of state law. *Sibley*, 437 F.3d at

1071. Under Florida law, "[j]urisdiction is vested in the court itself, and not in any individual judge of the court." *See Kalmanson v. Lockett*, 848 So. 2d 374, 380 (Fla. Dist. Ct. App. 2003). In *Kalmanson*, the state court determined that a state judge who performed judicial acts in a case *after* recusing himself was still entitled to judicial immunity even if his conduct likely violated Fla. R. Jud. Admin. 2.160(f). *See id.* at 380-81. Because the judge's recusal "did not diminish the jurisdiction of the circuit court over th[e] case," the state court concluded that the judge's acts were not "taken in clear absence of all jurisdiction." *See id.*

Like the judge in *Kalmanson*, Plaintiff alleges that Judge Greene exceeded his authority -- and violated Rule 2.160(f) -- by participating in the probate case after recusing himself. Nevertheless, because the state court retained jurisdiction over the case, we cannot conclude that Judge Greene acted "in the clear absence of all jurisdiction." *See Kalmanson*, 848 So. 2d at 380-81. That Judge Greene might have exceeded his own authority is not enough to strip him of judicial immunity. *See Sibley*, 437 F.3d at 1070.

The district court committed no error in concluding that Judge Greene was entitled to judicial immunity from Plaintiff's section 1983 claim. Plaintiff's complaint was thus subject to dismissal with prejudice.

AFFIRMED.